UNITED STATES (PEABODY v.). See Case No. 10,870.

## Case No. 16,018.

### UNITED STATES v. PEACO et al.

[4 Cranch, C. C. 601.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

RIOT—WHAT CONSTITUTES—PERSONS PRESENT AND COUNTENANCING—PRIOR CONVICTION OF ASSAULT—ARREST OF JUDGMENT.

1. To constitute a riot, it is not necessary that the violence and tumult actually committed should have been premeditated by three or more persons assembled with intent to commit the same; nor that there should have been promises of mutual assistance, before or at the time of committing the actual violence.

2. To charge a man with riot, who is seen in the crowd, after the commencement of the affray, it is not necessary to show that he was actively engaged in the affray, or actively countenancing or supporting the same, if present and ready to give his support when necessary.

3. A person convicted of assault and battery committed in a riot, may still be tried and convicted of the riot.

4. To constitute a riot, three or more persons must assemble. and either at the time of assembling, or afterwards, while assembled, intend, with force and violence, to do some unlawful act, and mutually to assist each other against any who should oppose them in doing such act; and the act must be done in a violent and turbulent manner, to the terror of the people.

5. It is no good ground of arrest of judgment, in a criminal case, that the marshal did not summon forty-eight grand jurors, and the clerk draw twenty-three grand jurors, by ballot, according to the Maryland act of 1797, c. 87, which was only applicable to the county courts; nor that one of the petit jurors had been summoned and had served on the petit jury of the next preceding term; such objections are too late, after the jurors are sworn.

Indictment for a riot, which originated in a quarrel between the members of the Typographical Society and some journeymen printers in the employment of General Duff Green, and which was immediately provoked by an attack made by Harvey, one of those journeymen, upon Lowry, the secretary of a meeting of the society, in which General Green's men were designated as rats (which means, unworthy members of the profession); a revised list of rats having been, on that day, published.

After the evidence was closed on both sides, Mr. W. L. Brent, for the defendants, having cited 1 Russ. Crimes, 247, 249; 2 Chit. Cr. Law, 487; and 1 Starkie, 524,—prayed the court to instruct the jury: "1st.. That to constitute a riot, the violence and tumult must not only be premeditated, but the premeditation must be by three or four persons assembling, or already assembled together, with the intention to commit an act, and afterwards committing the same

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

in a violent, turbulent manner, to the terror of the people. 2d. That should the jury be of opinion, from the evidence, that the disturbance, on the night of the 30th of May, spoken of by the witnesses, was not premeditated, and arose upon a sudden quarrel or cause, produced by the previous attack on Lowry, and without promises of mutual assistance, before, or at the time, the defendants are not guilty of a riot. 3d. That, should the jury be of opinion, from the evidence, that the defendants did engage in the affray, after they had assembled to assist Lowry, who had been beaten, they are not guilty of a riot, unless it has been proven, by satisfactory evidence, that, before their engaging therein, or at the time thereof, they formed themselves into a party of three or more, and made mutual promises to assist one another. 4th. That, should the jury be of opinion, from the evidence, that the defendants were seen in the crowd, after the affray began, they are not guilty of a riot, unless it be satisfactorily proven that they were actively engaged in doing, countenancing, or supporting the same, or ready, if necessary, to support the same. 5th. That, in the present case, should the jury be of opinion, from the evidence, that the only proof of Walter's being in the affray, is from his having assaulted Madden, he is entitled to a verdict of acquittal, because he has been tried and found guilty of the said assault, and cannot be again tried and punished for the same."

Which instructions THE COURT refused to give, but instructed the jury, that, before they can lawfully convict the defendants, upon this indictment, they must be satisfied, by the evidence, that the defendants, to the number of three or more, assembled; and, either at the time of assembling, or afterwards, while assembled, formed an intent, with force and violence, to do the acts charged in the indictment, or some of them, and mutually to assist each other against any who should oppose them in doing such acts; and that the defendants did the same in a violent and turbulent manner, to the terror of the people. That it is not material how suddenly that intent was formed, nor whether it was produced by the previous contest between Lowry and Harvey. Nor is it necessary, to the conviction of the defendants, on this indictment, that they should have actually made formal promises to each other, of mutual assistance, if they had such a mutual intent. Nor is it necessary to their conviction, that those who were assembled, with intent to commit the acts charged in the indictment, should have been actively engaged therein, if they were present, and ready to support, if necessary.

THE COURT refused to give the fifth instruction prayed by the defendant's counsel, because, although the assault on Madden should be the only evidence of his being concerned in the riot (if it was one) and although he should have been punished for that assault, yet if he was one of the rioters, he is jointly guilty with all the rest of the defendants, of all the other outrages committed by them in that riot; and the punishment for the assault will be considered (if he should be found guilty of the riot) when the court is about to apportion the punishment of the defendants according to their several degrees of guilt. Although an assault may be given in evidence upon a prosecution for a riot, yet it is not the only evidence necessary to support it. The true criterion of identity of cause of action, or of prosecution, is, that the same evidence will support both; the offences are quite distinct and different. An assault is not necessary to constitute a riot; nor are the ingredients of a riot necessary to constitute an assault. 2 Hawk. P. C. c. 35; 1 Chit. Cr. Law, 452.

After a verdict against the defendants, their counsel moved in arrest of judgment, because forty-eight jurors were not summoned by the marshal, and twenty-three grand jurors drawn, by ballot, by the clerk, according to the provisions of the Maryland act of 1797, c. 87, § 8; and because one of the petit jurors who sat upon the trial, had been summoned and served as a petit juror at the next preceding term, contrary to the 3d section of the same act.

THE COURT, however, overruled the motion, being of opinion that the eighth section of the act of 1797, c. 87, applied only to the county court of Maryland, as this court had decided at the very commencement of its practice, when the following order was entered upon its minutes: "Friday, July 10, 1801. Ordered, by the court, that twenty-four grand jurors, and thirty-six petit jurors be summoned to the next term;" and such has been the practice ever since that time. In Burr's Trial [Case No. 14,692d], it is said that any one, under a criminal charge, may, before the grand jury is sworn, except to an irregularity in summoning them; from which an inference is drawn, that after they are sworn the exception is too late. The third section of the act of 1797, c. 87, "that no person shall be summoned as a juror, by any sheriff or coroner of this state, to two general, or county courts successively," is for the ease of jurors, and merely directory to the summoning officer. It constitutes no valid exception to the qualification of the juror; and if it did, it is too late to take it after the juror is sworn.

Motion overruled; and judgment upon the verdict.